**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| AMIR LAVI,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:26-cv-00949<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Amir Lavi ("Lavi" or "Plaintiff"), files this Complaint against Defendant Google LLC ("Google" or "Defendant") and as claim for relief states as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271, for infringement of United States Patent No. 8,073,868 ("the '868 Patent").

## PARTIES

2.      Amir Lavi is an individual with an address of Ehan Haam 90, apt 2 6520711, Tel Aviv, Israel.

3.      Defendant Google LLC ("Google") is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google is registered to do business in the State of Texas and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

1

4.      Texas is presently a mega center of Google operations, and Google maintains a significant and longstanding physical presence in Austin, Texas, including multiple office locations employing hundreds of employees engaged in engineering, product development, technical operations, advertising, sales, cloud services, and support functions.  These Austin-based employees are directly involved in the design, implementation, testing, deployment, monetization, and support of Google's accused applications and systems, including technologies that embody the infringing functionality.  Further, these Austin-based operations include teams and personnel who work with and on the development of artificial intelligence ("AI") and machine-learning ("ML") technologies.

5.      Google's Austin operations are ongoing, deliberate, and central to its business strategy.  Google actively recruits employees in Texas, including in Austin, for technical, engineering, product, and cloud-related roles.  Google publicly advertises Austin-based positions requiring advanced technical skills and experience with large-scale software systems, AI, and ML technologies that are integral to Google's core products, including Google Search.

6.      Google's recruiting efforts in Texas relate to skills directly relevant to the operation, deployment, and optimization of Google Search and its search-refinement features.

7.      Google also actively recruits students and early-career professionals in Texas through internships and student-research programs, including roles based in or associated with Austin.  These internships serve as a pipeline for future technical staff supporting Google's products and services, including Google Search.

8.      Google has been expanding rapidly in Texas, making large AI infrastructure investments around the state including new data centers and AI-oriented facilities.  Recently,

2

Google announced a $40 billion investment in Texas to expand data centers and AI infrastructure, with energy and workforce development tied to AI deployment.

9. Upon information and belief, Google's Austin operations include engineers, product managers, and technical staff with direct knowledge of the accused systems, including their architecture, data processing, user-interaction logic, and backend infrastructure. These employees possess unique, non-duplicative knowledge relevant to infringement, damages, and willfulness, making Austin a central site of relevant witnesses and evidence.

10. Upon information and belief, Google's Austin employees are involved in the deployment, support, customization, and monetization of AI- and ML-enabled systems, including AI-driven analytics and AI-enhanced products relating to improving the consumer experience. These systems form part of Google's core search functionality, rely on AI and ML techniques to classify, rank, and present search results, form an integral part of Google's products and services employed nationwide, and directly relate to the accused applications and systems.

11. Google regularly staffs AI and ML related roles in the Austin area, including positions requiring expertise in machine learning, data analysis, AI-enabled cloud platforms, and consumer experience. These roles are directly relevant to the accused system, and Google's Austin workforce possesses technical knowledge directly relevant to Plaintiff's claims.

12. Google has committed and continues to commit acts of infringement in this District by, inter alia, making, using, offering for sale, selling, and supporting the accused products and services through its Austin-based facilities, employees, and infrastructure. Google's infringing conduct is carried out in and from this District. On information and belief, Texas has one of the highest Google search activity levels in the country—millions of infringing acts occur in this district every day.

13.     Google's presence in Austin is not incidental or peripheral.  Rather, Google has intentionally expanded its Austin footprint as a strategic hub for its core technologies and services, and it derives significant revenue from activities conducted in and from this District.

14.     Google also does business in Texas, directly and/or through intermediaries, and offers its products and services, including those accused herein of infringement, to customers and potential customers located in Texas and within this District.

15.     Google's substantial operations in Austin, combined with its targeted recruitment and employment of AI/ML engineers in the area, establish that Google has continuous and systematic contacts with the Western District of Texas, and that a substantial part of the acts of infringement have occurred, and continue to occur, within this District.

**JURISDICTION**

16.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

17.     This Court has personal jurisdiction over Defendant because Defendant regularly conducts business and has committed acts of patent infringement within this District, giving rise to this action.  Defendant has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.  Defendant has committed and continues to commit acts of infringement in this District, the State of Texas, and elsewhere in the United States by making, using, offering to sell, and selling its infringing applications and systems and inducing, causing, urging, encouraging, aiding, and abetting the infringement of the '868 Patent by third-party users of its applications and systems, including residents of this District.

18.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391 and 1400 because Defendant is registered to do business in the State of Texas and because Defendant maintains a regular and established place of business in this District, conducts business within this District, advertises within this District, and makes, uses, offers to sell, and sells in this District, including to residents of this District, its infringing applications and systems.

19.     Defendant advertises and conducts business throughout the United States, including within this District in the State of Texas.  At all relevant times, Defendant was in the business of providing its method and system via its website and application throughout the United States and within this District.

**FACTUAL BACKGROUND**

20.     Plaintiff is the owner of all rights, title and interest in and to United States Patent No. 8,073,868.

21.     The '868 Patent, titled "System for Facilitating Search Over a Network," issued on December 6, 2011.  A true and correct copy of the '868 Patent is attached hereto as Exhibit A.

22.     The '868 Patent relates to providing a user friendly and intuitive online search process by suggesting relevant search keywords to the user and enabling the creation of a detailed and precise search query.  The claims of the '868 Patent disclose systems and methods for providing intelligent search functionality that enables a user to execute complex search queries in a visual and simple way that facilitates the search process and enhances the user experience by providing a seamless experience for a user based on various data inputs, including expert knowledge and statistical correlation.

23.     At the time of the invention, a problem faced by users when formulating a search was the user's lack of familiarity with the search subject, and prior art systems did not allow a user

to adequately define the necessary search parameters to effectively narrow their search. Users were often unfamiliar with common terminology associated with a subject or product or lacked the tools or resources to create a detailed and effective search query. This resulted in a frustrating user experience where a user may abandon a search without obtaining the information they sought.

24.    The '868 Patent discloses a system and method that enables the user to specifically and quickly define the search terms required in order to reduce the number of results in a controlled manner. The results of employing such a search system and method would be returning a greater proportion of responses that are relevant to the user, reducing the task of filtering through responses, and enabling quick and easy access to the sought-after information found. Unlike prior art systems, the '868 Patent system provides an intuitive and predictive search experience.

25.    The asserted claims of the '868 Patent provide a specific improvement in computer functionality by disclosing a more efficient, accurate, and automated system and method for classifying and matching items in large-scale, electronic commerce environments.

26.    The asserted claims of the '868 Patent disclose inventive concepts that were not well-understood, routine, or conventional at the time of invention, including requiring specific system configurations and operations.

27.    Defendant has been aware of the invention disclosed and claimed in the '868 patent since the patent issued on December 6, 2011. Defendant nevertheless consciously decided to manage and operate its website and system google.com that directly and indirectly infringes at least claim 1 of the '868 patent literally and/or under the doctrine of equivalents.

28.    The Google Search system/application practices one or more claims of the '868 patent when facilitating users in building search queries, including through its incorporation of ML and AI techniques. These infringing activities are central to Google's business.

29.     Google has leveraged its algorithms and data analytics to streamline processes, improve user experience, and drive business growth, and its integration of AI and ML has enabled Google to gain valuable insights into consumer behavior to personalize recommendations for its vast user base and to improve its advertising business.

30.     Google has spent considerable effort in improving its user experience and user interface to create a streamlined and personal experience for shoppers.  As part of these improvements, Google has specifically focused on improving its search functionality, resulting in increased revenue and market share.

31.     Google has designed its search experience to make it intuitive and user friendly.  A key advantage of Google's search platform is the streamlined discovery process, which features advanced search and filtering options that allow users to quickly find what they are looking for by easily narrowing and optimizing their search options.

32.     The Google Search platform utilizes recommendation engines that suggest relevant results based on data inputs and intelligence, including a user's browsing history and expert input, which simplifies the search experience, saving a user time and effort.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 8,073,868**

33.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-33 herein.

34.     Pursuant to 35 U.S.C. § 271(a), Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '868 Patent and is continuing to infringe the '868 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States without authority applications and

7

systems under the control of Google that transmit and display search suggestions and that are made available to users through applications and/or webpages owned or controlled by Google.

35.    Google indirectly infringes one or more claims of the '868 Patent by inducement under 35 U.S.C. § 271(b).  Google has induced and continues to induce users of the accused applications and systems to directly infringe one or more claims of the '868 Patent.

36.    Google indirectly infringes one or more claims of the '868 Patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the accused applications and systems, Google contributes to the direct infringement of users of said applications and systems.

37.    Defendant has contributed and continues to contribute to the infringement of at least claim 1 of the '868 patent because it knew that the accused application/system is infringing and is not suitable for substantial non-infringing use.

38.    Plaintiff alleges infringement by Defendant's application/system, including the Google website, that employs a system for generating search queries using visual manipulation of search terms to facilitate a search process over a data network and all claim elements recited in claim 1.  *See* Exhibit A.

39.    The Google Search system/application includes "A system for generating search queries using visual manipulation of search terms to facilitate a search process over a data network."  Google's google.com website and/or its Google app is available on a user's computer, cell phone, etc. and generates search queries using visual manipulation of search terms to facilitate a search process over a data network.  Users of the Google system/application conduct searches using personal computers, cell phones, and other devices while connected to Google's system over the internet.

40.    The Google Search system/application includes the claim element "a related terms generator scans over said data network from said computer to obtain at least a list of terms related to an initial search query."  The Google website employs a related terms generator.  When a user initiates a search, the related terms generator works with the Google search engine to scan the data network from the user's computer to obtain a list of terms related to the user's initial search.  The Google system/application displays these terms as graphical icons.

41.    The Google Search system/application practices the claim element: "wherein the related terms generator further obtains relationships involving said related terms and data entities at different locations in said data network, and organizes said related terms, said relationships, and said data entities in at least one data structure that represents said relationships in said data network."  The related terms generator of the Google search engine obtains relationships involving related terms and data entities at different locations in a data network, and organizes related terms, relationships, and data entities in at least one data structure that represents said relationships in the data network.

42.    The Google Search system/application practices the claim element: "wherein the data structure is organized, based on at least one of data network analysis and expert knowledge."  On information and belief, the google.com website and system's data structure is based on both a data network analysis and an analysis of expert knowledge including analysis of ML and/or AI data.

43.    The Google Search system/application practices the claim element: "wherein the data entities in said data network are analyzed in accordance with statistical correlations of word frequencies, location, and dates within the data network."  The data entities of the Google system/application in the data network are analyzed in accordance with statistical correlations of

9

word frequencies, location, and dates within the data network including ML and/or AI analysis of relevant data.

44. The Google Search system/application practices the claim element: "a graphical user interface (GUI) at said computer for receiving the initial search query, providing a user with said related terms, wherein said related terms being provided as graphical icons." Defendant's google.com website employs a graphical user interface to interact with a user by providing a field for a user to input an initial search query, and a display for the user to view related terms (provided as graphical icons) generated by the website and/or application.

45. The Google Search system/application practices the claim element: "wherein said GUI further allows visual manipulating of said initial search query by visually placing graphical icons respective of one or more of said related terms to be included in a new refined search query in a plurality of graphical operators controlled by said GUI, each of said plurality of graphical operators applies a different operation on related terms placed therein, wherein said visual manipulation of said initial search query results in a new visual representation of said graphical icons respective of said one or more related terms and interrelationships of said graphical icons with said plurality of graphical operators." The google.com website GUI allows for visual manipulating of the initial search query by placing graphical icons respective of one or more search terms in a plurality of graphical operators controlled by the GUI. Once the graphical operators are applied on the related terms, the visual manipulation results in a new visual representation of graphical icons.

46. The Google Search system/application practices the claim element: "a query generator for generating said new refined search query by applying said plurality of graphical operators on said one or more of related terms, thereby modifying said initial search query

according to said visual manipulation." The google.com website uses a query generator for producing new refined searches by modifying the initial search query based on user input.

47.    Despite notice of infringement, Defendant continues to perform affirmative acts that constitute infringement including offering for sale, selling, distributing, promoting, or providing support and back-end management and service for its infringing application with the knowledge or willful blindness that its conduct will induce its customers to infringe the '868 patent's asserted claims.

48.    As a result of Defendant's infringement of the '868 patent's asserted claims, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that are adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

49.    Defendant's infringement of the '868 patent has been deliberate, willful, and with full knowledge, or willful blindness to knowledge, of the '868 patent.

50.    Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendant's willful infringement of the '868 patent and will suffer additional damages and will be irreparably injured unless the Court enjoins Defendant from continuing such infringement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court enter judgment against Defendant and in favor of Plaintiff:

A.    Declaring that Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 8,073,868 together with all rights of recovery under such patent for past and future infringement thereof;

B.      Declaring that United States Patent No. 8,073,868 is valid and enforceable in law and that Defendant has infringed said patent;

C.      Awarding to Plaintiff its damages caused by Defendant's infringement of United States Patent No. 8,073,868 including an assessment of pre-judgment and post-judgment interest and costs, and an award of supplemental damages for any continuing post- verdict infringement up until entry of the final Judgment with an accounting, as needed;

D.      Declaring that Defendant's infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

E.      Entering a permanent injunction against Defendant, its officers, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of the '868 patent including without limitation, from continuing to make, use, sell and/or offer for sale;

F.      Declaring that this is an exceptional case and awarding to Plaintiff its costs, expenses and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

G.      Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: April 15, 2026

Respectfully Submitted,

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@bccaustin.com
**BOTKIN CHIARELLO CALAF PLLC**
1209 Nueces Street
Austin, Texas 78701
T: (512) 615-2341
F: (737) 289-4695

Dariush Keyhani (*pro hac vice* forthcoming)
District of Columbia Bar No. 1031500
Frances H. Stephenson (*pro hac vice*
forthcoming)
New York Registration No. 5206495
Scott Draffin (*pro hac vice* forthcoming)
New York Registration No. 6095988
KEYHANI LLC
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

*Attorneys for Plaintiff Amir Lavi*