**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| AMIR LAVI,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 1:26-cv-00949-DAE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO CONDUCT VENUE DISCOVERY AND FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO TRANSFER**

Plaintiff Amir Lavi ("Mr. Lavi" or "Plaintiff") respectfully moves the Court for leave to conduct limited discovery on the issues raised in Defendant Google, LLC's ("Google" or "Defendant") Motion to Transfer to the Northern District of California Under 28 U.S.C. § 1404(a) (ECF No. 25, the "Motion to Transfer") and for an extension of time to respond to Defendant's Motion to Transfer. In support of Plaintiff's motion, Plaintiff states the following.

## INTRODUCTION

Google filed its pending Motion to Transfer on September 3, 2026. *See* ECF No. 25. Google does not dispute that it is subject to the jurisdiction of this Court but argues that the Northern District of California ("NDCA") is a more convenient venue to litigate Mr. Lavi's claims. *See id.* Despite maintaining a significant and longstanding physical presence in the Western District of Texas ("WDTX"), including multiple office locations employing hundreds of employees engaged in engineering, product development, technical operations, advertising, sales, cloud services, and support functions, Google contends that no Texas-based employees have any

knowledge relevant to Mr. Lavi's claims. *See, e.g.*, *id.* at 5. As evidence in support, Google relies on a declaration from one of its California-based employees. *See* ECF No. 25-9.

To adequately respond to Google's arguments and to ensure that the Court has a well-developed factual record before ruling on the Motion to Transfer, Mr. Lavi seeks leave to conduct limited, targeted venue discovery. Specifically, Mr. Lavi seeks leave to serve 5 interrogatories, 10 requests for production, and to take up to 10 hours of deposition testimony relevant to the issues raised in Google's Motion to Transfer. *See* Ex. A (Pl.'s Proposed Interrogs.); Ex. B (Pl.'s Proposed Reqs. for Produc.).[1] Mr. Lavi further requests that his deadline to respond to Google's Motion to Transfer be extended to 14 days after the close of such discovery.

On September 11, 2026, counsel for the parties met and conferred in a good-faith attempt to resolve the issues raised in this motion as required by Local Rule CV-7(g). Google opposes both Mr. Lavi's requests to conduct venue discovery and for an extension of time to respond to the Motion to Transfer.

## LEGAL STANDARD

District courts are afforded "'wide discretion' to control the 'scope and pace of discovery.'" *United States v. Abbott*, No. 1:23-CV-853-DAE, 2023 WL 6532633, at *1 (W.D. Tex. Aug. 3, 2023) (Ezra, J.) (quoting *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)). Accordingly, district courts have "broad discretion" to grant requests for venue discovery before determining whether venue is appropriate in order to ascertain relevant facts bearing on the issues. *Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 656 (W.D. Tex. 2024). Venue discovery may be

[1] Plaintiff has not attached proposed notices of deposition, as Plaintiff intends to determine which Google employees to depose upon receiving Defendant's responses and production to the proposed discovery requests. Thus far, Defendant has not disclosed any employees with knowledge of Google's operations and activities in Texas.

warranted particularly where a motion to transfer "raises issues of fact" or "a more satisfactory showing of the facts is necessary." *See id.* (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 2000); *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006)).

Courts in the Fifth Circuit most often apply the "good cause" standard to determine whether to permit venue discovery. *Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-CV-00258-JRG, 2017 WL 3382806, at *1–2 (E.D. Tex. July 21, 2017) (collecting cases). The "good cause" factors are: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Red Lion Renewables, LLC v. Haff*, No. 5:19-cv-1113, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019) (Ezra, J.).

**ARGUMENT**

Mr. Lavi requests limited, targeted discovery to adequately and appropriately challenge the factual disputes raised in Google's Motion to Transfer. Google's motion is premised on its own admittedly "much narrower" reinterpretation of Mr. Lavi's patented invention and the accused applications and systems. *See* ECF No. 25 at 1 ("Although the FAC names 'Google Search' as an accused product, the functionality accused in the FAC is much narrower: the query refinement options on the 'Images' tab for Google search (known as 'Images chip')."). Relying on this reinterpretation, Google claims that "this case has no meaningful connection to WDTX," *id.* at 2, and offers the declaration of a California-based Google employee as supporting evidence, *see* ECF No. 25-9.

Google should not be permitted to unilaterally define the scope of this case and create its own preferred factual record without providing Mr. Lavi the opportunity to explore the basis for

Google's assertions. As this Court has recognized, when venue is disputed, "the party with the least amount of information should be able to test the declarations or affidavits of the party challenging venue with limited, targeted discovery." *Ginko, LLC v. Apple, Inc.*, No. 1:24-cv-01279-DAE, ECF No. 51, at 2 (W.D. Tex. Aug. 21, 2025).

Here, while no preliminary injunction is pending (factor 1), the remaining "good cause" factors all favor granting Mr. Lavi's request to conduct limited discovery on the issues raised in Google's Motion to Transfer.

## I. Factor 3: The Purpose of the Requested Discovery Is to Address Key Factual Disputes Raised by Google.

Mr. Lavi requests limited venue discovery for the purpose of adequately addressing the key factual disputes Google raises in its Motion to Transfer. Google contends that across its wide-ranging Google Search offerings and functionality, only the Images chip on the Images tab has any bearing on this case. Mr. Lavi disputes this, and "limited venue discovery should be permitted here 'to allow the adversarial process to aid the Court in making a fact-specific decision on a well-developed factual record." *Delta Elecs., Inc.*, 724 F. Supp. 3d at 659 (quoting *Javelin Pharms., Inc. v. Mylan Lab'ys Ltd.*, No. 16-224-LPS, 2017 WL 5953296, at *3 (D. Del. Dec. 1, 2017)).

Notably, Google does not deny any of the facts regarding Google's Texas-based operations that Mr. Lavi alleges in his First Amended Complaint (ECF No. 21), for example, that "Texas is presently a mega center of Google operations," that "Google actively recruits employees in Texas, including in Austin, for . . . positions requiring advanced technical skills and experience with large-scale software systems, [artificial intelligence ("AI")], and [machine-learning ("ML")] technologies that are integral to Google's core products, including Google Search," or that "Google's Austin employees are involved in the deployment, support, customization, and

monetization of AI- and ML-enabled systems, including AI-driven analytics and AI-enhanced products relating to improving consumer experience." FAC ¶¶ 4, 5, 10; *see* ECF No. 25 at 3–4.

Rather, Google argues only that these facts are not sufficiently tied to the admittedly narrow Images chip functionality that Google unilaterally chose to limit this case to. Accordingly, these factual disputes regarding the scope of the accused applications and systems as well as the impact and involvement of Google's numerous Texas-based employees are pivotal to resolving Google's Motion to Transfer. Mr. Lavi's proposed discovery will help develop a well-rounded factual record before the Court makes a fact-specific ruling on Google's Motion to Transfer.

## II. Factors 2 and 4: The Requested Discovery Is Narrowly Tailored and Minimally Burdensome.

Mr. Lavi's proposed discovery requests are limited to the issues raised in Google's Motion to Transfer and will minimally burden Google, particularly where Google has already chosen to put forth its own supporting evidence in the declaration of its California-based employee. Mr. Lavi's request to serve 5 interrogatories, 10 requests for production, and to take up to 10 hours of deposition testimony is well within the bounds of what this Court typically grants for venue and jurisdictional discovery. *See, e.g.*, *SerpApi, LLC v. Kucinskas*, 1:26-cv-00143-DAE, ECF No. 37, at 5 (W.D. Tex. May 26, 2026) (allowing 5 interrogatories, 5 requests for production, and 7 hours of deposition testimony); *Synopsys, Inc. v. Real Intent, Inc.*, 1:25-cv-00441-DAE, ECF No. 28, at 5 (W.D. Tex. May 14, 2025) (allowing 5 interrogatories and 10 hours of deposition testimony); *Ginko, LLC*, No. 1:24-cv-01279-DAE, ECF No. 51, at 3 (allowing 5 interrogatories, 5 requests for production, and 10 hours of deposition testimony); *The Bd. of Regents of the Univ. of Tex. Sys. v. Alnylam Pharms. Inc.*, No. 1:24-cv-01524-DAE, ECF No. 55, at 1 (W.D. Tex. July 1, 2025) (allowing 5 interrogatories, 10 requests for production, and 10 hours of deposition testimony).

Further, Mr. Lavi's specific discovery requests are narrowly tailored to the factual disputes that are critical to resolving Google's Motion to Transfer. Mr. Lavi's proposed interrogatories are directed at identifying Austin-based Google employees most knowledgeable of Google's operations and activities in Texas impacting the Google Search applications and systems accused in the First Amended Complaint. *See* Ex. A (Pl.'s Proposed Interrogs.). Likewise, Mr. Lavi's proposed requests for production are directed at relevant activities of Google's Texas-based workforce and the documents and communications these Texas-based Google employees create, share, and receive. *See* Ex. B (Pl.'s Proposed Reqs. for Produc.). Any burden on Google in responding to Mr. Lavi's discovery requests will be minimal—and greatly outweighed by the benefit to this Court of having a balanced, well-developed factual record.

## III. Factor 5: The Timing of the Requested Discovery Aligns with Typical Discovery Procedures.

Finally, the timing of Mr. Lavi's requested discovery aligns with the typical discovery procedures of this Court. Often in patent proceedings, judges in this district stay fact discovery until after the *Markman* hearing but allow for venue or jurisdictional discovery upon the filing of an initial venue or jurisdictional motion. *See, e.g.*, Standing Order Governing Patent Proceedings (Counts, J.) at 3–4; Standing Order on Patent Cases (Cardone, J.) at 6; Order to Adopt Standing Order on Patent Cases (Briones, J.) at 1.

Additionally, Mr. Lavi has promptly moved for leave to conduct venue discovery and for an extension of time, raising these issues with opposing counsel on Tuesday, September 8, just three business days after Google filed its Motion to Transfer. The parties met and conferred on Friday, September 11, and Google confirmed its opposition to this motion on Tuesday, September 15. Mr. Lavi's requested relief will only marginally extend these proceedings.

## CONCLUSION

For the foregoing reasons, Mr. Lavi respectfully requests that he be given leave to conduct limited venue discovery consisting of 5 interrogatories, 10 requests for production, and 10 hours of deposition testimony, and that the deadline for his response to Google's Motion to Transfer be extended until 14 days after the close of such discovery.

Dated: September 17, 2026

Respectfully submitted,

By: */s/ Katherine P. Chiarello*

Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@bccaustin.com
**BOTKIN CHIARELLO CALAF PLLC**
1209 Nueces Street
Austin, Texas 78701
T: (512) 615-2341
F: (737) 289-4695

Dariush Keyhani (*admitted pro hac vice*)
District of Columbia Bar No. 1031500
Frances H. Stephenson (*admitted pro hac vice*)
New York Registration No. 5206495
Scott Draffin (*admitted pro hac vice*)
New York Registration No. 6095988
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

*Attorneys for Plaintiff Amir Lavi*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned certifies that on September 17, 2026, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will serve a copy of this document on all counsel of record who have consented to electronic service through the Court's CM/ECF system.

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on September 17, 2026, counsel for Plaintiff met and conferred with Defendant about the relief sought in the foregoing motion in a good-faith attempt to resolve the issues as required by Local Rule CV-7(g). Defendant opposes the motion.

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello