# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| AMIR LAVI,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 1:26-cv-00949-DAE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF AMIR LAVI'S FIRST SET OF INTERROGATORIES IN CONNECTION WITH VENUE DISCOVERY TO DEFENDANT GOOGLE LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the Western District of Texas, Plaintiff Amir Lavi ("Mr. Lavi" or "Plaintiff"), by and through its undersigned counsel, hereby serves the following First Set of Interrogatories on Defendant Google LLC ("Google" or "Defendant") and requests that Defendant answer the following Interrogatories within twenty (20) days of service. Defendant's responses to these interrogatories shall be produced to dkeyhani@keyhanillc.com, fstephenson@keyhanillc.com, and sdraffin@keyhanillc.com. These Interrogatories are to be answered fully and separately, in writing, and under oath. To the extent any of these Interrogatories may be supplemented, changed, or otherwise affected by information acquired by Defendant subsequent to the service of its responses, Plaintiff directs Defendant to promptly serve supplemental responses reflecting such changes pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these Interrogatories shall have the broadest possible meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Texas. All definitions and rules of construction incorporate the obligations set forth in Local Court Rule CV-26 and in Federal Rule of Civil Procedure 33.

In addition, the following terms shall have the meanings set forth below:

1. The terms "You," "Your," "Defendant," or "Google," shall refer to Google LLC, as well as its parents, affiliates and related entities, subsidiaries, divisions, branches, predecessors, or successors-in-interest, past or present, and all past or present agents, employees, officers, members, managers, directors, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing or purporting to act on behalf of the foregoing who are subject to the direction and/or control of Defendant.

2. "The '868 Patent" refers to U.S. Patent No. 8,073,868.

3. "Patent-in-Suit" or "Asserted Patent" refers to the '868 Patent.

4. The term "this Action" shall refer to *Lavi v. Google LLC*, Civil Action No. 1:26-cv-00949-DAE, in the United States District Court for the Western District of Texas.

5. The term "Person" shall refer to any natural person in any capacity, and all entities of every description including, but not limited to, associations, organizations, companies, partnerships, businesses, joint ventures, corporations, trusts and estates, governmental units, and all divisions, departments, and other such units.

6. The terms "Document(s)" shall be understood to have the broadest meanings of "documents or electronically stored information" under Rule 34 of the Federal Rules of Civil

Procedure and the Federal Judiciary's interpretations thereof, whether printed, recorded, microfilmed, stored electronically or optically, reproduced by any process, written or produced by hand, typewritten, or recorded in any other way, and whether or not claimed to be privileged, confidential or personal. The term "Document(s)" includes but is not limited to electronically stored information ("ESI"), writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. The term "Document(s)" includes but is not limited to emails or messages (such as text, instant, direct, or other types of messages), social media or other online content, and content obtained from the internet of things, workplace collaboration tools, and ephemeral messaging applications. The term "Document(s)" also includes all appendices, schedules, exhibits, and other attachments, as well as related and relevant metadata for all ESI, including but not limited to information about the document's author, creation date, revision dates, tracked changes, and electronic comments. A draft or nonidentical copy of a document is a separate document within the meaning of this term.

7. The term "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8. The terms "concerning," "relate to," "related to," and "relating to" shall mean in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

9. The terms “any,” “all,” and “every” mean each and every, and “each” shall be construed to include and encompass “all.”

10. The connectives “and” and “or” shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside of its scope.

11. As used herein, words in the singular include the plural and words in the plural include the singular.

12. All terms used herein that are capitalized, either initially or in their entireties, shall be construed as if they appeared in lower case letters, as may be necessary to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside its scope.

13. When identifying a person, the term “identify” means to give, to the extent known, the individual’s full name, present or last known business address, and principal place of business. If the entity is a natural person, the term “identify” includes the individual’s last known place of employment, if known, including the person’s last known occupation, position, or job title.

14. With respect to documents, “identify” means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) the date of the document; (iv) the author(s), including their names, addresses, and positions, addressee(s), including their names, addresses, and positions, and recipient(s) and distributee(s), including their names, addresses, and positions; and (v) whether the document specified is in Defendant’s possession, custody, or control.

15. If Defendant decides to use the procedure authorized by Federal Rule of Civil Procedure 33(d) in responding to these Interrogatories, Plaintiff requests that for each Interrogatory so answered, Defendant specifies the particular Documents by production number that are

responsive to that Interrogatory or subpart, as well as the author and date of preparation of each Document if that information is not apparent or is not completely disclosed on the face of the Document(s).

16. With respect to an event or Communication, "identify" means to state the date the communication or event occurred, the names of the individual(s) present, with notes indicating those actually participating, the location where the event or communication occurred, and a concise description of the event or the subject matter of the communication.

17. All other words and phrases are to be given their ordinary meaning consistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Texas and shall not be unduly or restrictively construed so as to avoid responding to the fair scope of the Interrogatories.

18. These Interrogatories are continuing, and any additional responsive information requested herein that comes into your knowledge or possession after the date of your initial answers and up to and including the time of trial shall promptly be furnished to Plaintiff.

19. You are further instructed that if you contend any information responsive to these Interrogatories is privileged or otherwise excludable from production, you should list in your written answers each privilege claimed and the subject matter of the information being withheld based on that claimed privilege.

## INSTRUCTIONS

1. In answering these Interrogatories, Defendant must furnish all information in its possession, custody, or control, and all information available to Defendant or its attorneys upon reasonable inquiry.

2. If Defendant is unable to answer any of the following Interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, so state. In addition, answer each such Interrogatory to the fullest extent possible, specifying Defendant's knowledge, and its inability to answer the remainder, and state whatever information or knowledge Defendant may have concerning the unanswered portions of the Interrogatory.

3. If in responding to these Interrogatories Defendant encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

4. If You believe that any of the following Interrogatories call for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which You raise objection, and set forth the basis for Your claim of privilege with respect to such information you refuse to give.

5. If, for reasons other than a claim of privilege, You refuse to answer any Interrogatory, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

6. If You do not agree with any definition of the terms provided herein, You are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage. If, however, You provided any alternate definitions in accordance with this

Instruction, indicate whether, and how, any answer to any Interrogatory would differ if You relied on Your alternate definition in responding to that Interrogatory instead of the definitions provided.

7. These requests are ongoing and the responses provided must be supplemented to the extent required by Federal Rule of Civil Procedure 26.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify the Austin-based Google employee(s) most knowledgeable of Google's operations and activities in Texas.

**Interrogatory No. 2:**

Identify the Austin-based Google employee(s) most knowledgeable of any technical work being done by Google's Texas workforce relating to or impacting the generation, execution, or refinement of search queries and related search terms using Google Search.

**Interrogatory No. 3**

Identify the Austin-based Google employee(s) most knowledgeable of any technical work being done by Google's Texas workforce relating to or impacting the user interface or user experience of Google Search.

**Interrogatory No. 4**

Identify the Austin-based Google employee(s) most knowledgeable of any technical work being done by Google's Texas workforce relating to or impacting the utilization or integration of artificial intelligence ("AI") and machine-learning ("ML") technologies in Google Search.

**Interrogatory No. 5**

Identify the Austin-based Google employee(s) most knowledgeable of any work being done by Google's Texas workforce relating to or impacting the monetization, generation of revenue, or profitability of Google Search.

Dated: September 17, 2026

Respectfully submitted,

By: */s/ Dariush Keyhani*

Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@bccaustin.com
**BOTKIN CHIARELLO CALAF PLLC**
1209 Nueces Street
Austin, Texas 78701
T: (512) 615-2341
F: (737) 289-4695

Dariush Keyhani (*admitted pro hac vice*)
District of Columbia Bar No. 1031500
Frances H. Stephenson (*admitted pro hac vice*)
New York Registration No. 5206495
Scott Draffin (*admitted pro hac vice*)
New York Registration No. 6095988
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

*Attorneys for Plaintiff Amir Lavi*