# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| AMIR LAVI,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 1:26-cv-00949-DAE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF AMIR LAVI'S FIRST SET OF REQUESTS FOR PRODUCTION IN CONNECTION WITH VENUE DISCOVERY TO DEFENDANT GOOGLE LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the Western District of Texas, Plaintiff Amir Lavi ("Mr. Lavi" or "Plaintiff"), by and through its undersigned counsel, hereby serves the following First Set of Requests for Production on Defendant Google LLC ("Google" or "Defendant") and requests that Defendant produce the following requested documents and materials within twenty (20) days of service. Defendant's responses, documents, and other tangible things shall be produced to dkeyhani@keyhanillc.com, fstephenson@keyhanillc.com, and sdraffin@keyhanillc.com. Documents and tangible things that cannot be produced electronically shall be produced to the offices of Keyhani LLC, 1050 30th Street NW Washington, DC 20007, or at such other place as may be agreed upon by the parties. To the extent any of these Requests may be supplemented, changed, or otherwise affected by information acquired by Defendant subsequent to the service of its responses, Plaintiff directs Defendant to promptly serve supplemental responses reflecting such changes pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

The words and phrases used in these Requests shall have the broadest possible meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Texas. All definitions and rules of construction incorporate the obligations set forth in Local Court Rule CV-26 and in Federal Rule of Civil Procedure 34.

In addition, the following terms shall have the meanings set forth below:

1. The terms "You," "Your," "Defendant," or "Google," shall refer to Google LLC, as well as its parents, affiliates and related entities, subsidiaries, divisions, branches, predecessors, or successors-in-interest, past or present, and all past or present agents, employees, officers, members, managers, directors, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing or purporting to act on behalf of the foregoing who are subject to the direction and/or control of Defendant.

2. "The '868 Patent" refers to U.S. Patent No. 8,073,868.

3. "Patent-in-Suit" or "Asserted Patent" refers to the '868 Patent.

4. The term "this Action" shall refer to *Lavi v. Google LLC*, Civil Action No. 1:26-cv-00949-DAE, in the United States District Court for the Western District of Texas.

5. The term "Person" shall refer to any natural person in any capacity, and all entities of every description including, but not limited to, associations, organizations, companies, partnerships, businesses, joint ventures, corporations, trusts and estates, governmental units, and all divisions, departments, and other such units.

6. The terms "Document(s)" shall be understood to have the broadest meanings of "documents or electronically stored information" under Rule 34 of the Federal Rules of Civil

Procedure and the Federal Judiciary's interpretations thereof, whether printed, recorded, microfilmed, stored electronically or optically, reproduced by any process, written or produced by hand, typewritten, or recorded in any other way, and whether or not claimed to be privileged, confidential or personal. The term "Document(s)" includes but is not limited to electronically stored information ("ESI"), writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. The term "Document(s)" includes but is not limited to emails or messages (such as text, instant, direct, or other types of messages), social media or other online content, and content obtained from the internet of things, workplace collaboration tools, and ephemeral messaging applications. The term "Document(s)" also includes all appendices, schedules, exhibits, and other attachments, as well as related and relevant metadata for all ESI, including but not limited to information about the document's author, creation date, revision dates, tracked changes, and electronic comments. A draft or nonidentical copy of a document is a separate document within the meaning of this term.

7. The term "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8. The terms "concerning," "relate to," "related to," and "relating to" shall mean in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

9. The terms "any," "all," and "every" mean each and every, and "each" shall be construed to include and encompass "all."

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of its scope.

11. As used herein, words in the singular include the plural and words in the plural include the singular.

12. All terms used herein that are capitalized, either initially or in their entireties, shall be construed as if they appeared in lower case letters, as may be necessary to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside its scope.

13. All other words and phrases are to be given their ordinary meaning consistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Texas and shall not be unduly or restrictively construed so as to avoid responding to the fair scope of the Requests.

14. These Requests are continuing, and any additional responsive information requested herein that comes into your knowledge or possession after the date of your initial answers and up to and including the time of trial shall promptly be furnished to Plaintiff.

15. You are further instructed that if you contend any information responsive to these Requests is privileged or otherwise excludable from production, you should list in your written answers each privilege claimed and the subject matter of the information being withheld based on that claimed privilege.

## INSTRUCTIONS

1. These Requests shall be deemed to seek complete and current information as of the date that the answer is served and shall be read broadly pursuant to the full extent of the Federal Rules of Civil Procedure. Furthermore, these Requests are of a continuing nature, and You are required to serve supplemental responses if You or any of Your attorneys, agents, or representatives obtains further or different information after the date of Your initial responses.

2. With respect to the response to each Request or subpart thereof, state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the nature and designation of any Documents that contain such information and the identification of each Person who provided any information included in such answer. In addition, identify each other Person known or believed to have some or all of the information sought in such Request or subpart thereof.

3. To the extent that the Requests require the identification of Documents, identify all responsive Documents, wherever located, in the possession, custody or under the control of Defendant, including any Documents contained in any personal files of present or past officers, managers, members, and employees of Defendant. Copies of Documents that are not identical duplicates of the original Documents because of markings, handwritten notations, or other differences are separate Documents for the purposes of identification and production. English translations or partial translations of foreign language Documents are also considered separate Documents for the purposes of identification and production.

4. In the event that an identified Document has been destroyed, or is alleged to have been destroyed, state the reason for its destruction, the name(s) of the Person(s) having any

knowledge of the circumstances of its destruction, and the name(s) of the Person(s) responsible for its destruction.

5. In the event that an identified Document is not in Your possession or custody or under Your control, state the name(s) of the Person(s) who has/have possession, custody or control of such Document. If such Document was formerly in Your possession or custody or under Your control, recount the circumstances of its disposition, state the reason for such disposition, identify any Person(s) having any knowledge of or about such disposition, and identify the Person(s) responsible for such disposition.

6. If You withhold any Document and/or information because You claim that it is protected by the work product doctrine, the attorney-client privilege, or any other privilege or protection, identify the document and/or information by description, date, author or source, a brief description of the nature and subject matter of the document and/or information in sufficient detail to permit other parties to this action to assess the applicability of the asserted privilege or immunity, and state the ground(s) on which You base Your claim of privilege or protection.

7. If You object to any part of a Request and refuse to answer that part, state Your objection, but answer the remaining portion of that Request. If You object to the scope or time period of a Request and refuse to answer for that scope or time period, state Your objection (including specifically why You believe the scope or time period is impermissible) and answer the Request for the scope or time period to which You do not object.

8. If Defendant finds the meaning of any term in these requests unclear, it shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

9. Do not leave the response to any Request blank. If a Request is not applicable, specify why that Request does not apply. If the answer to a Request is "none," provide such indication rather than leave the space blank.

10. To the extent that a Request seeks annual data, supply such data on a calendar-year basis unless otherwise directed in the Request; if any basis other than a calendar-year basis is used, such as to accommodate a fiscal-year basis, state as part of the response the nature and type of the basis so used.

11. If it is not possible to answer any of the following Requests in full after exercising due diligence, provide such indication and answer to the extent possible, including whatever information You have concerning the unanswered portion(s), and clearly identify the portion(s) of the Request You are unable to answer.

12. If any answer to a Request is qualified in any way, set forth the details of such qualification.

## REQUESTS FOR PRODUCTION

1. Documents sufficient to identify all Texas-based Google employees whose work relates to or impacts the generation, execution, or refinement of search queries and related search terms with Google Search.

2. Documents sufficient to identify all Texas-based Google employees whose work relates to or impacts the user interface or user experience of Google Search.

3. Documents sufficient to identify all Texas-based Google employees whose work relates to or impacts the utilization or integration of artificial intelligence ("AI") and machine-learning ("ML") technologies in Google Search.

4. All documents and communications created, shared, or received by Texas-based Google employees relating to Google's utilization or integration of AI and ML techniques to classify, rank, and present search results.

5. All documents and communications created, shared, or received by Texas-based Google employees relating to Google's utilization or integration of AI and ML techniques to improve user experience.

6. Documents sufficient to identify all Texas-based Google employees whose work relates to or impacts the monetization, generation of revenue, or profitability of Google Search.

7. All documents and communications created, shared, or received by Texas-based Google employees relating to the design, development, and current operation of Google's Images chip functionality.

8. Documents sufficient to identify all Texas-based Google employees whose work relates to or impacts the generation, execution, or refinement of search queries and related search terms or the filtering of search results with Google Shopping.

9. All documents and communications created, shared, or received by Texas-based Google employees relating to the generation, execution, or refinement of search queries and related search terms or the filtering of search results with Google Shopping.

10. All documents and communications created, shared, or received by Texas-based Google employees relating to the "People also search for" functionality of Google Search.

Dated: September 17, 2026

Respectfully submitted,

By: */s/ Dariush Keyhani*

Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@bccaustin.com
**BOTKIN CHIARELLO CALAF PLLC**
1209 Nueces Street
Austin, Texas 78701
T: (512) 615-2341
F: (737) 289-4695

Dariush Keyhani (*admitted pro hac vice*)
District of Columbia Bar No. 1031500
Frances H. Stephenson (*admitted pro hac vice*)
New York Registration No. 5206495
Scott Draffin (*admitted pro hac vice*)
New York Registration No. 6095988
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

*Attorneys for Plaintiff Amir Lavi*