**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| AMIR LAVI,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 1:26-cv-00949 |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF AMIR LAVI'S MOTION FOR LEAVE TO CONDUCT VENUE DISCOVERY AND FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO TRANSFER**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 4

A. Plaintiff fails to show good cause for venue discovery. ........ 4

B. The overbreadth of Plaintiff's requests underscores why discovery is wholly unwarranted. ........ 9

V. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Ask Sydney, LLC v. Google, LLC*,
No. 6:23-cv-00111-XR, Dkt. No. 32 (W.D. Tex. July 26, 2023) ....10

*Bd. of Regents of the Univ. of Tex. Sys. v. Alnylam Pharms. Inc.*,
No. 1:24-cv-01524-DAE, Dkt. No. 55 (W.D. Tex. July 1, 2025) ....10

*Cortex MCP, Inc. v. Visa, Inc.*,
No. WA-23-CV-0048-FB, 2023 WL 11991174 (W.D. Tex. Sept. 7, 2023) ....8

*Delta Electronics, Inc. v. Vicor Corp.*,
724 F. Supp. 3d 645 (W.D. Tex. 2024) ....6

*Ginko, LLC v. Apple, Inc.*,
No. 1:24-cv-01279-DAE, Dkt. No. 51 (W.D. Tex. Aug. 21, 2025) ....6

*Headwater Rsch. LLC v. Google LLC*,
No. 7:25-cv-00380-DC-DTG, Dkt. No. 79 (W.D. Tex. July 8, 2026) ....5, 6, 9

*ICharts LLC v. Tableau Software, LLC*,
No. 1:23-CV-1225-DII, 2024 WL 2305214 (W.D. Tex. May 21, 2024) ....8

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) ....5

*Monkton Ins. Servs., Ltd. v. Ritter*,
768 F.3d 429 (5th Cir. 2014) ....3

*Red Lion Renewables, LLC v. Haff*,
No. 5:19-cv-1113, 2019 WL 13026038 (W.D. Tex. Nov. 6, 2019) ....4

*SerpApi, LLC v. Kucinskas*,
No. 1:26-cv-00143-DAE, Dkt. No. 37 (W.D. Tex. May 26, 2026) ....10

*Synopsys, Inc. v. Real Intent, Inc.*,
No. 1:25-cv-00441-ADA, Dkt. No. 28 (W.D. Tex. May 14, 2025) ....10

*Uniloc USA, Inc. v. Apple Inc.*,
No. 2:17-CV-00258-JRG, 2017 WL 3382806 (E.D. Tex. July 21, 2017) ....4, 7

*USTA Tech., LLC v. Google LLC*,
No. W-22-CA-01214-XR, 2023 WL 4054597 (W.D. Tex. June 16, 2023) ....3, 8

*Woodall v. Univ. of Tex. Sys.*,
No. SA-09-CA-0525-FB, 2010 WL 11601282 (W.D. Tex. Mar. 30, 2010) ....................4, 5

**Statutes**

28 U.S.C. § 1400(b) ....................7

28 U.S.C. § 1404(a) ....................1, 4, 7

Rule 12(b)(6)....................2, 3

Rule 26(f) ....................3

## I. INTRODUCTION

Plaintiff Amir Lavi's Motion For Leave to Conduct Venue Discovery ("Motion") (Dkt. No. 26) is a classic fishing expedition. Plaintiff requests extraordinarily broad discovery that focuses almost entirely on functionality that Plaintiff does not actually accuse of infringing; such discovery is not even potentially relevant to adjudicating Google LLC's ("Google") pending Motion to Transfer under 28 U.S.C. § 1404(a) (Dkt. No. 25). Moreover, none of Google's evidence regarding transfer conflicts with any allegation in the First Amended Complaint ("FAC") (Dkt. No. 21). Thus, the Court should follow the numerous decisions from this District rejecting venue discovery when, as here, (i) Defendant's facts supporting transfer cover the functionality Plaintiff actually accuses; and (ii) Plaintiff offers no basis to challenge the veracity of those facts.

Contrary to Plaintiff's assertion, Google's transfer motion does not "reinterpret" or "narrow" the accused functionality. Rather, Plaintiff's FAC has defined the scope of the functionality accused in this case—the sole functionality identified or depicted in the FAC is the query refinement options on the "Images" tab for Google Search (known as "Images chips"). Dkt. No. 21 ¶¶ 54-70; Dkt. No. 25 at 3-4. Indeed, every screenshot in the FAC depicts the Images chips and no other functionality is identified in Plaintiff's infringement allegations. In response, Google investigated and determined that the employees responsible for that functionality's development, testing, and current operation are located in the Northern District of California ("NDCA"), no such employees are located in the Western District of Texas ("WDTX"), and this case has no connection otherwise to WDTX. Dkt. No. 25 at 4-6. On that basis—and the other applicable factors under § 1404(a)—Google moved to transfer this action to NDCA. Id. As evidentiary support, Google submitted the declaration of the Senior Director

responsible for the Images chip functionality depicted in the FAC. Dkt. No. 25-9 ("Kellett Declaration"). Plaintiff's Motion does not challenge that declaration's accuracy.

Nor does Plaintiff dispute that the FAC's only screenshots purporting to depict the accused functionality are limited to the Images chips. Nonetheless, Plaintiff seeks essentially unlimited discovery into any connection between Google and this District. Plaintiff's conclusory references to Google Search in the FAC—and even less relevant references to artificial intelligence ("AI") and machine learning ("ML") in the Background Section of the FAC (which lack any factual allegations tying them to the FAC's infringement theory)—do not justify the requested discovery. Indeed, Plaintiff's requests are akin to a patentee alleging infringement of a steering wheel in a car seeking venue discovery about where the car's transmission is made. But just as information regarding where the transmission is manufactured would not inform the convenience of litigating a steering wheel patent, Plaintiff's requested discovery will not inform the convenience of litigating the allegations in the FAC, which are limited to Images chips.

Google thus respectfully requests that the Court deny Plaintiff's Motion in its entirety.

## II. STATEMENT OF FACTS[1]

Plaintiff's FAC, filed in response to Google's July 16 motion to dismiss (Dkt. No. 11), included—for the first time—screenshots from google.com of functionality alleged to infringe.[2] *See* Dkt. No. 21 at ¶¶ 54, 56, 60-62, 64-66, 69. Those screenshots depict the display, selection, and operation of the Images chips. *Id.* The FAC does not describe, depict, or assert any other

[1] Google incorporates by reference the Statement of Facts in its pending Motion to Transfer. Dkt. No. 25 at 2-6.

[2] Google's description of the accused functionality for purposes of this Opposition and its pending Motion to Transfer is based on the FAC's allegations, sparse as they are, and in no way suggests that such functionality is described sufficiently to plead infringement. To the contrary, Google's concurrently filed Rule 12(b)(6) Motion to Dismiss explains why the allegations are insufficient to state a claim. *See* Dkt. No. 24.

*facts* regarding other Google Search functionality alleged to infringe. *See generally* FAC ¶¶ 54-70. Further, Plaintiff does not dispute that Google Search allows for text searching that does not implicate the ’868 Patent.

While the FAC includes references to Google’s operations in WDTX, it does not tie the referenced operations to the specific functionality accused of infringement. *Id.* ¶¶ 4-11. Nor does Plaintiff contend that the Images chip functionality has any connection to WDTX.

Google’s investigation in response to the FAC determined that the relevant employees and evidence are based in NDCA. Dkt. No. 25 at 4-5. On September 3, Google filed a Motion to Transfer to NDCA, *id.*, and a Rule 12(b)(6) Motion to Dismiss, Dkt. No. 24. Plaintiff notified Google on September 8 that he intended to file the instant Motion; the parties met and conferred on September 11 but could not reach an agreement. Discovery has not yet opened: counsel have yet to hold a Rule 26(f) conference, and no schedule has been proposed or entered. Declaration of Scott W. Taylor ¶ 4.

## III. LEGAL STANDARD

“As the party opposing [transfer] and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery.” *USTA Tech., LLC v. Google LLC*, No. W-22-CA-01214-XR, 2023 WL 4054597, at *2 (W.D. Tex. June 16, 2023) (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014)). “A district court is within its discretion to deny [venue] discovery when there is no indication of fraud or misconduct in the defendant’s affidavits, and there is no reason to believe that additional information would alter the outcome.” *Id.* (cleaned up). Courts will not grant discovery when a plaintiff is “unable to state how the discovery he requested would change the jurisdictional determination.” *Monkton*, 768 F.3d at 434. Thus, courts in this District have held that a “plaintiff is entitled to discovery *only if* [the

plaintiff] shows the request is *likely* to produce facts needed to withstand" the defendant's motion. *Woodall v. Univ. of Tex. Sys.*, No. SA-09-CA-0525-FB, 2010 WL 11601282, at *4 (W.D. Tex. Mar. 30, 2010) (emphasis added) (cleaned up).

In contrast, Plaintiff relies on an out-of-district case, and asserts that Fifth Circuit courts "most often" apply a five-factor test for good cause "to determine whether to permit venue discovery." Dkt. No. 26 at 3 (citing *Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-CV-00258-JRG, 2017 WL 3382806, at *1–2 (E.D. Tex. July 21, 2017)). But Plaintiff does not cite any authority from this District that applies that standard for venue discovery in response to a *motion to transfer under § 1404(a).* Plaintiff's only citation to a decision from this Court addressed discovery regarding a motion for prejudgment attachment and preliminary injunction. *See id.* (citing *Red Lion Renewables, LLC v. Haff,* No. 5:19-cv-1113, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019)).

## IV. ARGUMENT

### A. Plaintiff fails to show good cause for venue discovery.

Plaintiff asserts that the requested discovery is necessary to "challenge the factual disputes raised in Google's Motion to Transfer," but the only "factual dispute" Plaintiff raises is Google's purported "reinterpretation" of the accused functionality as the Images chip. Dkt. No. 26 at 3. That is not a factual dispute—Google is simply responding to *Plaintiff's own allegations*, which rest solely on screenshots. Thus, Google's interpretation relies on those screenshots, which depict the display, selection, and operation of the Images chips. The FAC has no other factual allegations regarding the accused functionality, much less mapping any functionality to the asserted claims; Plaintiff's Motion does not argue otherwise.

Nor has Google "unilaterally define[d] the scope of this case" by focusing its transfer

motion on the Images chips screenshots, as Plaintiff asserts. *Id.* at 3-4. It is *Plaintiff* who has defined the scope of the case in the FAC by including those screenshots as the only functionality it even attempts to map to the '868 Patent's claims. Google's transfer motion simply identifies (i) by name the only specific functionality accused in the FAC, and (ii) the employees responsible for the development, testing, and current operation of that functionality and their location. Tellingly, Plaintiff does not argue that the FAC's screenshots depict something other than the Images chips—nor could he. Indeed, Plaintiff does not identify any other, specific Google Search functionality accused in the FAC.

Nonetheless, Plaintiff's discovery requests go far beyond the Images chips functionality; in fact, only one request even references that functionality. As explained *infra* Part III.B, Plaintiff's requests are exceptionally broad. Such requests are improper because they are untethered to the "*the events that gave rise to a suit*." *See In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (emphasis added). Thus, the requests necessarily will *not* uncover any information about whether "employees responsible for the design and development of the accused technology are based there." *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-00380-DC-DTG, Dkt. No. 79 at 7 (W.D. Tex. July 8, 2026). Put another way, none of the requested discovery "is likely to produce facts needed to withstand" Google's transfer motion. *Woodall*, 2010 WL 11601282, at *4.

Plaintiff's assertion that "Google does not deny any of the facts regarding Google's Texas-based operations" does not save his Motion. *See* Dkt. No. 26 at 4 (citing FAC ¶¶ 4, 5, 10). Google's transfer motion *does* address those allegations and explain why they are not relevant to the transfer analysis—they are completely untethered to the functionality accused in the FAC, *i.e.*, Images chips. *See* Dkt. No. 25 at 3-4, 9-11. As to the Images chips, the Kellet Declaration

identifies the relevant personnel as being located in NDCA and further states that no Google employees "who were involved in the development, testing, or current operation" of the Images chips are located in WDTX. Dkt. No. 25-9 ¶¶ 2-9. Thus, Plaintiff's conclusory allegations regarding Google's Texas-based operations do not constitute a "factual dispute" necessitating venue discovery. *Cf. Headwater Research*, No. 7:25-cv-00380-DC-DTG, Dkt. No. 79 at 7 ("Although [Google] has an Austin office, no employees responsible for the design and development of the accused technology are based there.").

None of the authorities Plaintiff cites counsel a different result. First, Plaintiff's reliance on *Ginko, LLC v. Apple, Inc.*, No. 1:24-cv-01279-DAE, Dkt. No. 51, at 2 (W.D. Tex. Aug. 21, 2025) is misplaced. While not directly referenced in the *Ginko* decision, the case involved an important distinguishing fact: plaintiff's motion for venue discovery in part challenged vague representations in the declarations offered in support of Apple's motion to transfer. *See Ginko*, No. 1:24-cv-01279-DAE, Dkt. No. 48, at 3. The plaintiff argued that representations as to the employees' "'primary' place of work" indicated "that they also conduct work elsewhere." *Id.* at 3. The plaintiff also argued that the declarations were ambiguous as to whether the teams identified were the only ones working on the relevant functionality. *Id.* at 3-4. No such issues are present here; Plaintiff does not challenge the Kellett Declaration's specificity, clarity, or veracity.

Second, Plaintiff's citation to *Delta Electronics, Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 656 (W.D. Tex. 2024) is similarly unavailing. That case is inapposite; it dealt with a motion for venue discovery in response to a motion to dismiss for improper venue. *See id.* at 648. Consideration of venue discovery under such circumstances necessarily involves different factual considerations and standards than those at issue in a motion to transfer for convenience under §

1404(a): in contrast to a convenience *transfer*, a *dismissal* based on improper venue necessarily implicates facts going to "the patent-specific venue statute," and whether the defendant resides in the challenged district or "has committed acts of infringement and has a regular and established place of business" in that district. *See id.* at 652 (citing 28 U.S.C. § 1400(b)).

Finally, Plaintiff's reliance on an out-of-district case applying five factors in considering whether good cause exists for expedited discovery in the context of a motion for venue discovery does not save Plaintiff's Motion. Dkt. No. 26 at 3 (*Uniloc USA*, 2017 WL 3382806, at *1). The factors applied in that case are: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Uniloc USA*, 2017 WL 3382806, at *1. To the extent the Court deems this analysis relevant, the factors weigh against discovery. There is no preliminary injunction pending. As to the breadth and burden of the requested discovery, as detailed *infra* Part III.B, the discovery is grossly overbroad and unduly burdensome. As for the purpose, Plaintiff offers no basis to doubt Google's evidence in support of its Motion to Transfer nor any reason to believe the requested information would impact the Court's analysis under § 1404(a). As to the final factor, the timing of Plaintiff's request does not weigh in favor of his Motion: Plaintiff's concurrent request for an extension to respond to Google's pending Motion to Transfer until 14 days after the requested venue discovery period expires constitutes needless delay because the discovery sought is neither warranted nor necessary.[3]

Further, Plaintiff's requests for discovery are not narrowly tailored to test the Kellett

[3] Plaintiff cites the Standing Orders of several other Judges in this District and asserts that the timing of his "requested discovery aligns with the typical discovery procedures of this Court." *See* Dkt. No. 26 at 6. But absent a showing of good cause that venue discovery is even warranted, "the typical discovery procedures" of other courts is irrelevant.

Declaration and facts relevant to Google's transfer motion: only *one* of Plaintiff's requests for production, No. 7, expressly names "Google's Images chip functionality." Dkt. No. 26-2 at 8. ("All documents and communications created, shared, or received by Texas-based Google employees relating to the design, development, and current operation of Google's Images chip functionality."). But even this request, in addition to being extremely burdensome, is unwarranted: Plaintiff offers no facts—or even attorney argument—providing any reason to doubt the accuracy of the facts in the Kellet Declaration, which is what courts generally require before allowing discovery to test convenience venue transfer facts. *See, e.g.*, *ICharts LLC v. Tableau Software, LLC*, No. 1:23-CV-1225-DII, 2024 WL 2305214, at *4 (W.D. Tex. May 21, 2024) (denying venue discovery where there is "no indication of fraud or misrepresentations in [defendant's] briefs and affidavits such that venue discovery is needed to check the veracity of [defendant's] statements," and discovery would not "affect the Court's venue analysis"); *Cortex MCP, Inc. v. Visa, Inc.*, No. WA-23-CV-0048-FB, 2023 WL 11991174, at *4 (W.D. Tex. Sept. 7, 2023) (same); *USTA Tech.*, 2023 WL 4054597, at *2 (same). Further, the exceptional burden of that request is apparent on its face: it would require Google to run a custodial search through the documents and email of *every* Google employee in Texas, which is burdensome and disproportionate to any alleged need that Plaintiff could have to test the veracity of the Kellett Declaration. Such "[a]n exhaustive search of Google's activity[ and] personnel . . . in the Western District of Texas for the purpose of determining the relative convenience is not an efficient use of judicial resources." *USTA Tech.*, 2023 WL 4054597, at *4.

Mr. Kellett's declaration explains that there are *no* "Google employees based in Austin, Texas (or elsewhere in Texas) who were involved in development, testing, or current operation of either the frontend or backend functionality of the Images chip," Dkt. No. 25-9 ¶ 8. Thus,

Plaintiff cannot justify his discovery requests based on any purported need to understand what Texas-based Google employees do. Likewise, Plaintiff's request for 10 hours (*i.e.*, one and a half days) of deposition time is completely unwarranted.

### B. The overbreadth of Plaintiff's requests underscores why discovery is wholly unwarranted.

Even setting aside Plaintiff's failure to show that the requested discovery is relevant to resolving Google's transfer motion, Plaintiff's requests are improper. On their face the requests are overbroad and in no way "narrowly tailored," nor would they "minimally burden Google" as Plaintiff asserts. *See* Dkt. No. 26 at 5-6. Indeed, Plaintiff's exceptionally broad requests are not confined to any relevant factual issue raised in Google's transfer motion.

For example, each of Plaintiff's five interrogatories seeks the identity of "Austin-based Google employee(s)," Dkt. No. 26-1 at 8, without limiting the request to the Images chips functionality. Dkt. No. 26-1. Among the most egregiously overbroad requests, Plaintiff's Interrogatory No. 1 is completely untethered to *any* functionality and broadly asks Google to "Identify the Austin-based Google employee(s) most knowledgeable of Google's operations and activities in Texas." *Id.* But Google's mere presence in WDTX—unrelated to the functionality accused of infringement—has no bearing on the issues raised in Google's transfer motion. *Headwater Rsch.*, No. 7:25-cv-00380-DC-DTG, Dkt. No. 79 at 7. Similarly, Plaintiff's 10 proposed requests for production exclusively seek documents regarding or in the possession of "Texas-based Google employees," including documents regarding functionality that is ***not even identified in the FAC***. *See* Dkt. No. 26-2 at 8-9 (requesting documents regarding "Google Shopping" and "the 'People also search for' functionality of Google Search.").

Plaintiff's assertion that his "interrogatories are directed at identifying Austin-based Google employees most knowledgeable of Google's operations and activities in Texas impacting

the Google Search applications and systems accused in the First Amended Complaint" lays bare his strategy: rather than identify a genuine issue with any facts asserted in Google's transfer motion regarding the only accused functionality identified in the FAC—the Images chips—Plaintiff's requests appear to be nothing more than a fishing expedition to obtain facts to attempt to connect *other* unspecified "Google Search applications and systems" to WDTX. *See* Dkt. No. 26 at 6. That is not the purpose of venue discovery, and Plaintiff cites no authority stating otherwise. *Ask Sydney, LLC v. Google, LLC*, No. 6:23-cv-00111-XR, Dkt. No. 32 at 2 (W.D. Tex. July 26, 2023) (denying venue discovery where requests potentially went "beyond the implicated products").

Plaintiff cites several cases from this Court for the proposition that the requested discovery is "well within the bounds" of appropriate venue discovery, but those cases are readily distinguishable. Indeed, each case dealt with a motion for venue discovery in response to a motion to dismiss for improper venue, and for that reason are inapplicable as discussed *supra* Part III.A. *See SerpApi, LLC v. Kucinskas*, No. 1:26-cv-00143-DAE, Dkt. No. 37 (W.D. Tex. May 26, 2026) (granting venue discovery in response to motion to dismiss for improper venue); *Synopsys, Inc. v. Real Intent, Inc.*, No. 1:25-cv-00441-ADA, Dkt. No. 28 (W.D. Tex. May 14, 2025) (same); *Bd. of Regents of the Univ. of Tex. Sys. v. Alnylam Pharms. Inc.*, No. 1:24-cv-01524-DAE, Dkt. No. 55 (W.D. Tex. July 1, 2025) (same).

## V. CONCLUSION

For the foregoing reasons, Google respectfully requests that Plaintiff's request for extraordinarily broad and burdensome discovery, which is not tethered to any genuine factual issue regarding Google's Motion to Transfer, be denied in its entirety.

Respectfully submitted,

JACKSON WALKER LLP

Dated: September 24, 2026

By */s/ Paige Welch*

Nathaniel St. Clair, II (SBN 24071564)
nstclair@jw.com
Paige Welch (SBN 24138184)
pwelch@jw.com
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000

Asim M. Bhansali (SBN 90001290)
abhansali@kblfirm.com
Scott W. Taylor (CA SBN 318941) (admitted *pro hac vice*)
staylor@kblfirm.com
Elizabeth H. Dinh (CA SBN 329295) (admitted *pro hac vice*)
edinh@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

Attorneys for Defendant
GOOGLE LLC

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned certifies that on September 24, 2026, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will serve a copy of this document on all counsel of record who have consented to electronic service through the Court's CM/ECF system.

*/s/ Paige Welch*
Paige Welch