**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| AMIR LAVI,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 1:26-cv-00949-DAE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF AMIR LAVI'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO CONDUCT VENUE DISCOVERY AND FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO TRANSFER**

For the following reasons, Mr. Lavi respectfully requests that the Court grant his Motion for Leave to Conduct Venue Discovery and for an Extension of Time to Respond to Defendant's Motion to Transfer (the "Motion," ECF No. 26).

## I. The Parties Fundamentally Disagree About The Accused Functionality at Issue.

Google's Opposition (ECF No. 27), as well as its Motion to Transfer (ECF No. 25), rests on the premise that this case concerns only the "Images chip" functionality of the Images tab on Google Search. ECF No. 27, at 1. Google concedes that "the FAC names 'Google Search' as an accused product" yet argues that the accused functionality is "much narrower," solely implicating Google's self-identified Images chip functionality. ECF No. 25 at 1.

This is plainly inconsistent with the well-pleaded factual allegations of Mr. Lavi's First Amended Complaint (the "FAC," ECF No. 21), which accuses substantially broader Google Search systems, applications, and functionality of infringement. *See, e.g.*, FAC ¶ 31 (identifying "Google Search" and "Google's accused search functionality" that "receives search queries, identifies related search terms, analyzes relationships, generates refined search queries, and presents search refinements through Google's graphical user interface"); FAC ¶¶ 35–36 (quoting Google's blog post regarding "an easy-to-scroll list of related topics" shown alongside "filters to see just videos, news, images or shopping results on Google Search"); FAC ¶ 43 (alleging that "[t]he Google Search system/application practices claims of the '868 Patent when facilitating users in building search queries, including through its incorporation of [machine learning ("ML")] and [artificial intelligence ("AI")] techniques"); FAC ¶ 45 (discussing Google's "user experience and user interface" which creates "a streamlined and personal experience for shoppers").

For example, paragraphs 35 and 36 of the FAC explicitly incorporate by reference Google's "News From Google" blog post titled "Zooming in on an easier way to explore on Search." *See*

FAC ¶¶ 35–36. In that blog post, Google's "Public Liaison for Search" describes the accused functionality and explains how, contrary to Google's assertions, it is implemented widely across the Google Search systems, including at least the Videos, News, Images, and Shopping tabs of Google Search. Danny Sullivan, *Zooming in on an easier way to explore on Search*, News from Google (Dec. 6, 2022), https://blog.google/products-and-platforms/products/search/refine-search-results/. The blog post also includes looping animations depicting the accused functionality and user interactions including and excluding related terms. *See id.* In those animations, it is clear that the user is not on the Images tab, as the user interface shows a graphical icon to further filter by "Images." *See id.*

Surprisingly, Google argues that Mr. Lavi's allegations "rest solely on screenshots" and admits that "Google's interpretation relies on those screenshots." (ECF No. 27 at 4). While Google has identified the handful of screenshots included in the FAC as depicting Images chips, these screenshots are merely illustrative and are not meant to limit the well-pleaded factual allegations found throughout the text of Mr. Lavi's complaint. Google cites no authority suggesting that these few screenshots should define the scope of Mr. Lavi's claims, that they should take precedence over the 75 paragraphs of written allegations, or that they should be considered separately from the complaint as a whole.

This dispute is pivotal to the Court's resolution of Google's Motion to Transfer. Contrary to Google's claim, Mr. Lavi applies the correct "good cause" legal standard. Regardless, venue discovery should be granted here because there is "reason to believe that additional information would alter the outcome." *See USTA Tech., LLC v. Google LLC*, No. W-22-CA-01214-XR, 2023 WL 4054597, at *2 (W.D. Tex. June 16, 2023). Google's evidence in support of its Motion to Transfer is entirely limited to the Images chip functionality, and Google provides no information

regarding documents and witnesses relating to the broader Google Search systems, applications, and functionality actually accused of infringement in Mr. Lavi's complaint. *See* ECF No. 25-9, ¶ 8. Moreover, Google still has not denied any of the facts regarding Google's Texas-based operations alleged in the FAC, instead arguing only that they are not relevant to the narrow Images chip functionality. *See* ECF No. 27, at 5. Since the well-pleaded factual allegations of the complaint involve systems, applications, and functionality beyond Images chips, the requested venue discovery "is likely to produce facts needed to withstand" Google's Motion to Transfer. *See Woodall v. Univ. of Tex. Sys.*, No. SA-09-CA-0525-FB, 2010 WL 11601282, at *4 (W.D. Tex. Mar. 30, 2010).

## II. Plaintiff's Proposed Discovery Requests Are Narrowly Tailored and Minimally Burdensome.

Measured against the well-pleaded factual allegations of the FAC, Mr. Lavi's proposed interrogatories and requests for production are narrowly tailored to the issues impacting the motion to transfer analysis and minimally burdensome to Google, who put the convenience of this forum at issue.

First, Mr. Lavi's proposed interrogatories simply seek the identification of a few Austin-based Google employees who are knowledgeable of Google's operations and activities in Texas, if any, that directly impact the Google Search systems, applications, and functionality accused of infringement, specifically: (1) "the generation, execution, or refinement of search queries and related search terms using Google Search"; (2) "the user interface or user experience of Google Search"; (3) "the utilization or integration of artificial intelligence ('AI') and machine-learning ('ML') technologies in Google Search"; and (4) "the monetization, generation of revenue, or profitability of Google Search." *See* ECF No. 26-1, at 8; *see also* FAC ¶¶ 4–15, 31–36, 43–46.

Google contends that the proposed Interrogatory No. 1, which asks Google to "[i]dentify the Austin-based Google employee(s) most knowledgeable of Google's operations and activities in Texas," is "[a]mong the most egregiously overbroad requests." ECF No. 27, at 9. But Mr. Lavi just asks for the name of one employee in Austin who knows what Google is doing in Texas. Google should not be permitted to argue that the Northern District of California is clearly more convenient than the Western District of Texas while keeping Mr. Lavi and this Court blind to Google's significant Texas-based operations. Google's argument that its activities in this District have "no bearing on the issues raised in Google's transfer motion" is plainly false. *Id.* Google squarely put its Texas-based operations at issue by filing its Motion to Transfer.

Second, Mr. Lavi's proposed requests for production are limited in scope and targeted at information impacting the transfer analysis. Many of the proposed requests seek documents sufficient to identify any Texas-based Google employees whose work specifically impacts the Google Search systems, applications, and functionality accused of infringement. *See* ECF No. 26-2, at 8. Google has already put forth evidence that "as a matter of Google practice, documents and physical evidence in Google's possession pertaining to its products and services including source code, are normally created and maintained by the employees working on those products and services." ECF No. 25-9, ¶ 9. Accordingly, the identification of any Texas-based employees whose work impacts the accused products and services is highly relevant to the transfer analysis.

Mr. Lavi's other proposed requests seek documents and communications related to the accused Google Search systems, applications, and functionality, and these requests are meaningfully limited by only seeking documents "created, shared, or received by Texas-based Google employees." ECF No. 26-2, at 8–9. As a matter of Google practice, there should only be responsive documents and communications if Google's Texas workforce is in some way involved

with the relevant products and services identified in the FAC. ECF No. 25-9, ¶ 9. Google's claim that the proposed requests "would require Google to run a custodial search through the documents and email of every Google employee in Texas" ignores Google's own evidence and the targeted, limited nature of Mr. Lavi's requests. ECF No. 27, at 8 (emphasis omitted).

Google bemoans the fact that only one of Mr. Lavi's requests, Request No. 7, relates to the Images chip functionality identified by Google. *Id.* at 7–8. But Mr. Lavi's proposed requests target the systems, applications, and functionality as pleaded in the FAC, not as Google would rewrite it. Further, Google complains that Request No. 7, which seeks "[a]ll documents and communications created, shared, or received by Texas-based Google employees relating to the design, development, and current operation of Google's Images chip functionality," is "extremely burdensome." *Id.* at 8. Yet Google takes the position that "there are no 'Google employees based in Austin, Texas (or elsewhere in Texas) who were involved in development, testing, or current operation of either the frontend or backend functionality of the Images chip.'" *Id.* (quoting ECF No. 25-9, ¶ 8). Google cannot have it both ways. To the extent there are documents responsive to Request No. 7, those documents are highly relevant to the transfer analysis and should be produced.

## CONCLUSION

Google should not be permitted to unilaterally dictate the scope of this case, nor should it be allowed to keep Mr. Lavi and this Court in the dark regarding its Texas-based operations—particularly when Google itself put these activities at issue. For the reasons in Mr. Lavi's Motion and the reasons discussed above, Mr. Lavi respectfully requests that his Motion be granted.

Dated: October 1, 2026

Respectfully submitted,

By: */s/ Katherine P. Chiarello*

Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@bccaustin.com
**BOTKIN CHIARELLO CALAF PLLC**
1209 Nueces Street
Austin, Texas 78701
T: (512) 615-2341
F: (737) 289-4695

Dariush Keyhani (*admitted pro hac vice*)
District of Columbia Bar No. 1031500
Frances H. Stephenson (*admitted pro hac vice*)
New York Registration No. 5206495
Scott Draffin (*admitted pro hac vice*)
New York Registration No. 6095988
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

*Attorneys for Plaintiff Amir Lavi*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned certifies that on October 1, 2026, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will serve a copy of this document on all counsel of record who have consented to electronic service through the Court's CM/ECF system.

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello