**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| AMIR LAVI,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 1:26-cv-00949 |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF AMIR LAVI'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. The FAC fails to plausibly allege direct infringement ........ 2

B. The FAC's screenshots show that the accused functionality does not infringe. ........ 3

C. The FAC does not plausibly allege indirect or willful infringement. ........ 6

D. The asserted claim is invalid under 35 U.S.C. § 101. ........ 6

III. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
827 F.3d 1341 (Fed. Cir. 2016) .......... 10

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) .......... 3

*Collarity, Inc. v. Google Inc.*,
No. 11-1103-MPT, 2015 WL 7597413 (D. Del. Nov. 25, 2015) .......... 9

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015) .......... 6

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
880 F.3d 1356 (Fed. Cir. 2018) .......... 9

*Data Engine Techs. LLC v. Google LLC*,
906 F.3d 999 (Fed. Cir. 2018) .......... 9

*Dolly Varden Mgmt., Inc. v. City of Universal City*,
5:21-CV-00001-DAE, 2021 WL 11670026 (W.D. Tex. Sept. 29, 2021) .......... 2

*El Paso Disposal, LP v. Ecube Labs Co.*,
766 F. Supp. 3d 692 (W.D. Tex. 2025) .......... 1

*Enfish, LLC v. Microsoft Corp.*,
822 F.3d 1327 (Fed. Cir. 2016) .......... 8

*Etto IP, LLC v. Reebok Int'l Ltd.*,
No. 6:23-CV-00003, 2023 WL 11983055 (W.D. Tex. July 17, 2023) .......... 3

*Int'l Bus. Machs. Corp. v. Zillow Grp., Inc.* (*IBM I*),
50 F.4th 1371 (Fed. Cir. 2022) .......... 7, 8, 9, 10

*Interactive Content Engines, LLC v. Apple Inc.*,
MO:25-CV-00353-DC, 2026 WL 2837235 (W.D. Tex. Aug. 5, 2026) .......... 2

*Interval Licensing LLC v. AOL, Inc.*,
896 F.3d 1335 (Fed. Cir. 2018) .......... 9

*Kirsch Rsch. & Dev., LLC v. BlueLinx Corp.*,
No. 6-20-CV-00316-ADA, 2021 WL 12300174 (W.D. Tex. July 19, 2021) .......... 4

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017)........................................................................................ 6

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
837 F.3d 1299 (Fed. Cir. 2016)........................................................................................ 9

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ............................... 6

*Mullen Industries LLC v. Meta Platforms, Inc.*,
No. 1:24-cv-354-DAE, 2025 WL 326402 (W.D. Tex. Jan. 29, 2025) .................................... 3, 4

*Network Sys. Techs., LLC v. Qualcomm Inc.*,
No. 1:22-CV-01331, 2023 WL 11833572 (W.D. Tex. July 21, 2023)........................................ 6

*Pedersen v. Zoho Corp.*,
No. 1:23-CV-71-DII, 2023 WL 3612333 (W.D. Tex. May 23, 2023) ........................................ 4

*PerformancePartners, LLC v. FlashParking, Inc.*,
697 F. Supp. 3d 678 (W.D. Tex. 2023)................................................................................ 7

*Repairify, Inc. v. Keystone Auto. Indus., Inc.*,
610 F. Supp. 3d 897 (W.D. Tex. 2022)................................................................................ 3

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
65 F.4th 698 (Fed. Cir. 2023) ............................................................................................ 7

*Sensor Elec. Tech., Inc. v. Lite-On Tech. Corp.*,
No. 6:21-CV-322-ADA, 2022 WL 22879658 (W.D. Tex. Aug. 22, 2022).................................. 3

*Trinity Info Media, LLC v. Covalent, Inc.*,
72 F.4th 1355 ..................................................................................................................... 7

**Statutes**

35 U.S.C. § 101 ................................................................................................................ 1, 6, 7

## I. INTRODUCTION

Rather than defending the allegations in the First Amended Complaint ("FAC"), Plaintiff asks the Court to do what it cannot at this stage: look beyond the FAC to non-pleaded facts and unsupported attorney argument. Plaintiff's effort to characterize near-verbatim repetition of claim language as "fact" is likewise unavailing; courts have repeatedly rejected such efforts as insufficient under *Twombly/Iqbal.* Plaintiff's attempt to rely on conclusory assertions and matters outside of the pleading demonstrates that the FAC does not adequately allege infringement.

In any event, the minimal factual allegations in the FAC confirm non-infringement. Plaintiff complains that Google "narrow[ed] the applications and systems" accused, but his Opposition (like the FAC) identifies no specific Google Search functionality beyond the Images chips. Tacitly conceding the FAC's insufficiency, Plaintiff offers only attorney argument—entirely absent from the FAC—about how the Images chip screenshots depict functionality that purportedly satisfies the claims. But nowhere in these newfound explanations does Plaintiff actually identify the required "plurality of graphical operators" or "initial search query [that] includes at least one search term as an initial graphical icon."

Finally, Plaintiff cannot avoid dismissal for unpatentability under 35 U.S.C. § 101 by merely pointing to results-oriented claim language or attempting to manufacture claim construction issues or factual disputes based on his own conclusory allegations.

## II. ARGUMENT

As a threshold matter, Plaintiff cannot obtain judicial notice of three Google webpages that he did not cite in the FAC. *See* Opp. at 2, n.1; 7-8 n.2, 3 & 4. "Private corporate websites, particularly when describing their own business, are a source whose accuracy is reasonably questioned and are therefore not appropriate for judicial notice." *El Paso Disposal, LP v. Ecube Labs Co.*, 766 F. Supp. 3d 692, 716 (W.D. Tex. 2025) (cleaned up). Plaintiff cites *Dolly Varden*

*Mgmt., Inc. v. City of Universal City*, but that case is inapposite: it involved judicial notice of a municipality's charter and building code, documents whose accuracy cannot reasonably be questioned. *See* No. 5:21-CV-00001-DAE, 2021 WL 11670026, at *3 (W.D. Tex. Sept. 29, 2021). Plaintiff failed to allege these purportedly relevant facts in either the original Complaint or the FAC, despite filing the latter in response to Google's original motion to dismiss detailing his failure to plead *any* facts. In any event, Plaintiff's attempt to explain the limited facts in the FAC (i.e., Images chips screenshots) confirms that the accused functionality does *not* infringe.

**A. The FAC fails to plausibly allege direct infringement.**

Plaintiff does not cite any infringement allegations in the FAC beyond what Google identified in its Motion, i.e., near-verbatim repetition of the asserted claims' language, screenshots for only certain limitations, and conclusory assertions that Google Search practices the claims. *See* Dkt. No. 29 ("Opp.") at 1. Plaintiff cannot and does not cite any allegation explaining *how* the screenshots depict functionality that meets the claims because the FAC's textual allegations do not even reference the screenshots. *See* Dkt. No. 24 ("MTD") at 4 (citing FAC ¶¶ 54-70). Thus, Plaintiff has "either fail[ed] to identify the parts of the allegedly infringing instrumentality that perform the limitation or allege how the identified parts meet the text of the limitation." *See Interactive Content Engines, LLC v. Apple Inc.*, MO:25-CV-00353-DC, 2026 WL 2837235, at *5 (W.D. Tex. Aug. 5, 2026) (cleaned up).[1]

Indeed, aside from the screenshots, the only even arguable *facts* identified in the Opposition are (i) matters *outside the FAC* that are not judicially noticeable, *see supra*, and (ii) a Google blog post from 2022. Opp. at 7-8. The latter is included in the FAC's "Factual Background," *see* FAC ¶¶ 35-36, but Plaintiff does not reference that blog post in the

[1] Plaintiff does not address, much less attempt to distinguish, this and other authority Google cited in support of dismissing the direct infringement claims. *See generally* Opp. at 7-11.

infringement allegations, much less attempt to map any functionality described in the post to the claims, *see* FAC ¶¶ 47-75. Plaintiff cannot state a claim by merely quoting a blog post regarding Google Search with *no* explanation as to how the functionality described relates to the asserted claims; instead, "[t]he 'factual content' required to establish a direct infringement claim . . . must specifically identify the purportedly infringing product and which of its features are involved in the infringement." *Etto IP, LLC v. Reebok Int'l Ltd.*, No. 6:23-CV-00003, 2023 WL 11983055, at *2 (W.D. Tex. July 17, 2023).

Nor can Plaintiff save his claims by asserting that the FAC's conclusory infringement allegations, which merely paraphrase the claim limitations and assert that Google Search performs them, constitute "well-known fact[s]." Opp. at 8-9 (citing FAC ¶¶ 54-56, 60); *see Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

**B. The FAC's screenshots show that the accused functionality does not infringe.**

To the extent the Court looks beyond the pleading failures described above—despite those failures providing sufficient grounds to dismiss—the Court need not construe any claim to conclude that the FAC shows that the accused functionality does not do what the asserted claims require. As this Court did in *Mullen Industries LLC v. Meta Platforms, Inc.*, it should reject Plaintiff's "premature claim construction" argument because Plaintiff's allegations are implausible on their face. No. 1:24-cv-354-DAE, 2025 WL 326402, at *4 (W.D. Tex. Jan. 29, 2025). The authorities Plaintiff cites are distinguishable. They involved either detailed factual allegations, *see Sensor Elec. Tech., Inc. v. Lite-On Tech. Corp.*, No. 6:21-CV-322-ADA, 2022 WL 22879658, at *5 (W.D. Tex. Aug. 22, 2022), or a defendant that (i) challenged a claim limitation as indefinite, *see Repairify, Inc. v. Keystone Auto. Indus., Inc.*, 610 F. Supp. 3d 897, 902 (W.D. Tex. 2022); (ii) purported to define a claim term, *see Mullen*, 2024 WL 5396869, at

*5–6 (W.D. Tex. Nov. 14, 2024),[2] *Pedersen v. Zoho Corp.*, No. 1:23-CV-71-DII, 2023 WL 3612333, at *2 (W.D. Tex. May 23, 2023); or (iii) cited the prosecution history to challenge a claim limitation, *see Kirsch Rsch. & Dev., LLC v. BlueLinx Corp.*, No. 6-20-CV-00316-ADA, 2021 WL 12300174, at *4 (W.D. Tex. July 19, 2021). None of those facts are present here.

***The screenshots do not depict the required "plurality of graphical operators."*** The asserted claims require a GUI that allows a user to "visually manipulate" her initial search query "by visually placing graphical icons respective of one or more of said related terms to be included in a new refined search query in a plurality of graphical operators…each of said plurality of graphical operators appl[ying] a different operation on related terms placed therein." '868 Patent at 7:29-34 (claim 1[c.iii]), 8:21-27 (claim 8[c.i]). But the FAC does not identify the required "plurality of graphical operators," and the screenshots do not depict any such "graphical operators." *See* MTD at 7-9. Instead of meaningfully addressing this deficiency, Plaintiff merely points to the screenshot at paragraph 61 of the FAC (shown below) and asserts that it "depicts both *graphical icons* that include related terms (e.g., 'Pelham blue' or 'Ocean blue burst') and exclude related terms (e.g., 'Gibson les,' depicted with an 'x' next to the term) in a new refined search query." Opp. at 10.




[2] *Mullen* is distinguishable for another reason: Magistrate Judge Hightower recommended dismissal with prejudice as to an asserted patent because, as here, the allegations were implausible on their face. *See* 2024 WL 5396869, at *3. This Court adopted that report and recommendation, as noted above. 2025 WL 326402, at *4.

In other words, Plaintiff does not identify any element that constitutes a "graphical operator," much less a "plurality" of such operators—he identifies only graphical *icons*. *Id.* Graphical icons and graphical operators are *separate* claim elements; and the claims require a GUI that allows the user to "visually plac[e] graphical *icons* . . . ***in*** a plurality of graphical *operators*.'868 Patent at 7:29-34 (claim 1[c.iii]), 8:21-27 (claim 8[c.i]); *see also* MTD at 7-8. In resorting to conflating graphical *icons* with graphical *operators*, Plaintiff confirms the accused functionality does not plausibly meet all claim elements.[3]

***The screenshots do not depict the required initial search query that includes an "initial graphical icon."*** The FAC's screenshots also show that Plaintiff cannot plead the first limitation of method claim 8: "receiving an initial search query as a visual representation, said visual representation includes at least one search term as an initial graphical icon." *See* MTD at 9 (quoting '868 Patent at 8:1-3 (claim 8[a])). Plaintiff does not dispute that the FAC's screenshots confirm that the first search term provided by the user is a text query. Nor does Plaintiff point to any instance where any query received by Google is a graphical icon and not text. Rather, Plaintiff nonsensically argues that "initial" does not mean "first" and instead "could include the first search upon clicking a graphical icon to populate a search term in the search box." Opp. at 10. But this alleged claim construction dispute is irrelevant because—as Google demonstrated in its Motion and Plaintiff does not and cannot deny—the screenshots in the FAC show that all subsequent queries are also text queries. *See* MTD at 9-10 ("The screenshots also confirm that when the user selects one or more of the Image chips, the resulting modified query is also ***text only***—not a "visual representation" or "graphical icon."). Thus, no claim construction can save

[3] Although Plaintiff purports to "dispute Google's construction of operators," he offers no construction of his own. Nor does he identify what he asserts are the "plurality of graphical operators" under any construction.

Plaintiff because the evidence he cites demonstrates that *all* queries (whether they are "the very first," "the initial," or some later query after clicking a graphical icon) are text only.

**C. The FAC does not plausibly allege indirect or willful infringement.**

The FAC fails to plead the requisite "knowledge of patent infringement" for either induced or contributory infringement, *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015), or for willful infringement, *Network Sys. Techs., LLC v. Qualcomm Inc.*, No. 1:22-CV-01331, 2023 WL 11833572, at *14 (W.D. Tex. July 21, 2023). Plaintiff doubles down on conflating knowledge of the asserted patent with knowledge of infringement, and asserts that the FAC's conclusory allegations as to the latter are sufficient. *See* Opp. at 11-13. But that is not the law. "[P]rior knowledge of the asserted technology" is insufficient; instead, "there must be facts alleging a specific intent to induce the direct infringer." *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021). Here, Plaintiff alleges no such *facts*. *See* Opp. at 12-13 (citing wholly conclusory assertions from the FAC ¶¶ 31-34, 42, 43, and the Google blog post from 2022). Thus, Plaintiff's reliance on *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017) is unavailing. There, the plaintiff alleged not only knowledge of the patent, but also specific steps the defendant had taken after obtaining that knowledge 869 F.3d at 1380.

Plaintiff's cursory response as to his willful infringement claim is telling. *See* Opp. at 13. Indeed, Plaintiff does not even attempt to distinguish the on point authority cited in Google's Motion. *See* MTD at 12. That is because he cannot do so.

**D. The asserted claim is invalid under 35 U.S.C. § 101.**

Plaintiff asserts that Google's section 101 challenge "cannot be resolved at the pleading stage" because it "presents factual questions and claim construction issues." Opp. 14. But courts routinely address section 101 challenges on the pleadings. *See, e.g.*, *Sanderling Mgmt. Ltd. v.*

*Snap Inc.*, 65 F.4th 698, 702 (Fed. Cir. 2023); *PerformancePartners, LLC v. FlashParking, Inc.*, 697 F. Supp. 3d 678, 685 (W.D. Tex. 2023). Plaintiff cannot "invoke a generic need for claim construction or discovery to avoid grant of a motion to dismiss under § 101." *See Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360-61 ("[T]he patentee must propose a specific claim construction or identify specific facts that need development and explain why those circumstances must be resolved before the [§ 101 analysis]."). Here, Plaintiff fails to identify any specific "factual dispute" or "claim construction issues." Opp. at 14. Because there are none. Thus, the Court may consider Google's section 101 argument.

***Alice* step one: the representative claim[4] is directed to an abstract idea.** As detailed in Google's Motion, claim 1 is directed to the abstract idea of presenting related terms in an interactive GUI to enable search query modifications. MTD at 13-18. Claim 1 uses results-oriented language in reciting three basic functions: (1) generating related terms, (2) providing those terms as "graphical icons" in a visually manipulatable GUI, and (3) generating a modified search query. The claim provides *no* detail explaining how it accomplishes any of those steps. *Id.* at 14. Nor is claim 1 directed to a technological improvement unique to computers. *Id.* at 14-15. Thus, claim 1 is directed to an ineligible abstract idea.

Tellingly, Plaintiff does not address *Int'l Bus. Machs. Corp. v. Zillow Grp., Inc.* (*IBM I*), 50 F.4th 1371, 1378 (Fed. Cir. 2022), which found abstract claims directed to an "improved [GUI] for displaying, filtering, and interacting with geospatial data on a map and list display" that were "result-oriented, describing required functions (presenting, receiving, selecting, synchronizing), without explaining how to accomplish any of the tasks." Nor does Plaintiff

---

[4] Plaintiff does not challenge Google's assertion that claim 1 is representative. *See* MTD at 13; *see generally* Opp. at 13-20.

distinguish the cases invalidating patents with claims directed to similar abstract ideas, such as: "refining a search query"; ranking search results; collecting, analyzing, organizing, and displaying information; "obtain[ing] better search results"; and using a GUI to improve a user's experience. *See* MTD at 15-16 (collecting cases).

Claim 1's purely results-oriented claim language belies Plaintiff's assertion that the claim "specifies a particular manner" of "providing related terms or refining a search." *See* Opp. at 14. Indeed, Plaintiff fails to identify where claim 1 explains *how* it achieves the stated results. *Id.* at 14-16; *see also* MTD at 14. Similarly, Plaintiff's argument that claim 1 "imposes meaningful requirements on how the refined query is generated" merely references the same high-level, results-oriented claim language, e.g., "scanning the data network," obtaining and organizing related terms in a "data structure" that is "organized based on data network analysis or expert knowledge," "visually plac[ing]" related terms "into multiple graphical operators that apply different operations," and "generat[ing] the refined query by applying those operators." Opp. at 16-17. Such "result-based functional language . . . does not sufficiently describe how to achieve these results in a non-abstract way." *IBM I*, 50 F.4th at 1378 (cleaned up).

The decisions Plaintiff cites are distinguishable because they involve asserted claims directed to specific technological improvements. In *Enfish, LLC v. Microsoft Corp.*, the Federal Circuit found the asserted claims were "directed to a specific improvement to the ways computers operate, embodied in [a] self referential table," citing the claim language and the district court's claim construction "requiring a four-step algorithm" for a "means for configuring" limitation. 822 F.3d 1327, 1336-38 (Fed. Cir. 2016) (rejecting the defendant's "high level of abstraction . . . *untethered* from the language of the claims."). Here, the language of claim 1 confirms that the claim is "drafted in such a result-oriented way" that it amounts "to

encompassing the 'principle in the abstract' no matter how implemented." *See Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1343 (Fed. Cir. 2018); *see also Collarity, Inc. v. Google Inc.*, No. 11-1103-MPT, 2015 WL 7597413, *9 (D. Del. Nov. 25, 2015) ("The concept of refining a search query is a problem humans have long dealt with, including before the advent of the Internet"). Plaintiff's other authorities likewise involved claims directed to a specific improvement in computer technology. *See, e.g.*, *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016) (claim "focused on a specific asserted improvement in computer animation, i.e., the automatic use of rules of a particular type"); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1363 (Fed. Cir. 2018) (claims "disclose[d] a specific manner of displaying a limited set of information" to users of electronic devices with small screens via a "summary window" that did not require the user to open an application); *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008-09 (Fed. Cir. 2018) (claim recited "specific steps detailing the method of navigating through spreadsheet pages within a three-dimensional spreadsheet environment using notebook tabs," requiring "a specific interface" and formula). Here, claim 1 is directed only to using a GUI to improve a user's experience through graphical icons and known search tools, not any specific improvement in computer functionality. MTD at 15-16.

***Alice* step two: the asserted claim lacks an inventive concept.** Claims directed "to 'an abstract idea implemented on generic computer components, without providing a specific technical solution beyond simply using generic computer concepts in a conventional way' do not suffice at step two." *IBM I*, 50 F.4th at 1379. Plaintiff asserts that claim 1 survives the step two analysis because "both the claim and the FAC identify a specific ordered combination alleged to have been unconventional at the time of the invention." Opp. at 19. Not so. As to the purported

"specific ordered combination," Plaintiff merely paraphrases the claim limitations and asserts that the "claimed arrangement" and interaction of various components is "inventive." Opp. at 19. But on its face claim 1 refers only to generic computing components (e.g., "computer," "data network," "GUI," "data structure") with vague, functional terms (e.g., "related terms generator," "query generator"). *See* MTD at 19-20. That is not sufficient, and Plaintiff makes no attempt to distinguish the multiple cases finding computing components similar to those here conventional at step two, such as: "network"; "browser interface"; "database"; and "graphical user interface." *See* MTD at 19-20 (collecting cases).

As for the FAC's allegations regarding the invention's purported novelty, those allegations are wholly conclusory. *See* Opp. at 20 (citing FAC ¶¶ 26-28, 30 ("The asserted claims of the '868 Patent disclose inventive concepts that were not well-understood, routine, or conventional at the time of invention, including requiring specific system configurations and operations.")). The Court "need not accept a patent owner's conclusory allegations of inventiveness." *IBM I*, 50 F.4th at 1379. Instead, "[o]nly plausible and specific factual allegations that aspects of the claims are inventive are sufficient." *Id.* (cleaned up). There are no such allegations here. *See* MTD at 19.

*Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016) is also unavailing. There, the plaintiff cited specific excerpts from the patent in support of an inventive concept. *Id.* at 1350. Here, Plaintiff cites only the FAC's conclusory allegations, *none* of which cite the '868 Patent. *See* Opp. at 19-20 (citing FAC ¶¶ 26-28, 30).

## III. CONCLUSION

The FAC demonstrates that further amendment would be futile. Thus, Google respectfully requests that the Court dismiss the FAC with prejudice.

Respectfully submitted,

JACKSON WALKER LLP

Dated: October 15, 2026

By: */s/ Paige Welch*

Nathaniel St. Clair, II (SBN 24071564)
nstclair@jw.com
Paige Welch (SBN 24138184)
pwelch@jw.com
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000

Asim M. Bhansali (SBN 90001290)
abhansali@kblfirm.com
Scott W. Taylor (CA SBN 318941) (admitted *pro hac vice*)
staylor@kblfirm.com
Elizabeth H. Dinh (CA SBN 329295) (admitted *pro hac vice*)
edinh@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

Attorneys for Defendant
GOOGLE LLC

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned certifies that on October 15, 2026, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will serve a copy of this document on all counsel of record who have consented to electronic service through the Court's CM/ECF system.

*/s/ Paige Welch*
Paige Welch